# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| CAPITAL ONE BANK (USA) N.A., | ) | CASE NO. 5:10CV580 |
|     Plaintiff and | ) | JUDGE SARA LIOI |
|     Counterclaim Defendant, | ) | |
| vs. | ) | |
| KAREN L. REESE, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
|     Defendant and | ) | |
|     Counterclaim Plaintiff, | ) | |
| vs. | ) | |
| MORGAN & POTTINGER, P.S.C., et al., | ) | |
|     Counterclaim Defendants. | ) | |

Before the Court is the motion of defendant Karen L. Reese for remand (Doc. No. 22.) Counterclaim defendants filed a brief in opposition (Doc. No. 25) and defendant filed a reply (Doc. No. 26). In addition, defendant filed a Notice of Supplemental Authority. (Doc. No. 27.) For the reasons discussed briefly below, the motion to remand is **GRANTED.**

Plaintiff Capital One Bank (USA) N.A. ("Capital One") filed this action originally in the Portage County Municipal Court alleging that defendant Karen L. Reese ("Reese") had breached a Credit Card Agreement by failing to make timely payments on the credit card Capital One had issued to her. The Complaint was signed by Morgan & Pottinger, P.S.C., as Capital One's counsel. Reese then filed a class action counterclaim against Morgan & Pottinger and Michael J. Linden, an attorney, alleging that as "debt collectors" under the Fair Debt Collection Practices Act ("FDCPA"), they routinely attempt to collect debts that they know

are already time-barred. The action was transferred to the Portage County Court of Common Pleas at the request of Reese. On March 18, 2010, the counterclaim defendants removed this action from the state court, alleging two grounds for removal: (1) that the Class Action Fairness Act of 2005 ("CAFA") permits removal of covered class actions "by any defendant," including a counterclaim defendant who was not a plaintiff in the original action; and (2) based on the Fair Debt Collection Practices Act ("FDCPA") counterclaim over which this Court would have original federal question jurisdiction. Defendant filed her motion to remand asserting that the counterclaim defendants had no statutory authority to effect a removal.

On June 16, 2010, ruling on a virtually identical case out of the Northern District of Ohio, the Sixth Circuit Court of Appeals denied the counterclaim defendant's petition for leave to appeal an order of remand. *See In re Morgan & Pottinger, P.S.C.*, No. 10-0309 (6th Cir. June 16, 2010), denying leave to file an interlocutory appeal from *Capital One Bank (USA) N.A. v. Karen L. Jones*, Case No. 1:09cv2833 (J. Gwin). The Sixth Circuit concluded:

> The district court's ruling is consistent with the decision of our sister circuit holding that CAFA does not authorize removal by an additional counterclaim defendant. *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 334-37 (4th Cir. 2008), *cert. denied*, 129 S. Ct. 2826 (2009); *see also First Bank v. DJL Props., LLC*, 598 F.3d 915, 917-18 (7th Cir. 2010) (CAFA does not authorize removal by a counterclaim defendant); *Progressive W. Ins. Co. v. Preciado*, 479 F.3d 1014, 1017-18 (9th Cir. 2007) (same). In addition, the ruling is consistent with the body of law providing that the term "defendant" in the removal statutes is narrowly construed. *See, e.g.*, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 462 (6th Cir. 2002).

In light of Judge Gwin's ruling on an identical motion to remand in *Jones*, *see* Case No. 1:09cv2833, Doc. No. 32, on which the Sixth Circuit declined to grant an interlocutory appeal, the instant motion to remand (Doc. No. 22) must be **GRANTED**.[1]

**IT IS SO ORDERED**.

Dated: June 18, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[1] The counterclaim defendant who removed the *Jones* case was the same counterclaim defendant who removed the instant case, i.e., Morgan & Pottinger, P.S.C.